**J. Santos MONDRAGON–LOPEZ;
Maria Roman Salgado,
Petitioners,**

v.

**Alberto R. GONZALES, Attorney
General, Respondent.**

No. 03–74743.
Agency Nos. A92–134–562, A75–571–227.

United States Court of Appeals,
Ninth Circuit.

Submitted March 8, 2006.*

Decided March 14, 2006.

Before CANBY, BEEZER, and
KOZINSKI, Circuit Judges.

MEMORANDUM**

Maria Roman Salgado, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' summary affirmance of an immigration judge's denial of her application for cancellation of removal.[1] We have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand for further proceedings.

Roman–Salgado contends that the immigration judge erred in concluding that she failed to satisfy the continuous physical presence requirement under 8 U.S.C. § 1229b(b)(1)(A). In her application for cancellation of removal she stated that she departed the U.S. in December 1997. She stated that when she attempted to reenter in January 1998, she was detained by the INS and voluntarily returned to Mexico. During a preliminary session, the immigration judge determined that Roman–Salgado's return in 1998 interrupted her continuous physical presence. Roman–Salgado did not testify about the circumstances of this return.

An alien who departs the United States pursuant to an administrative voluntary departure in lieu of deportation or removal proceedings interrupts his physical presence in the country. *Vasquez–Lopez v. Ashcroft*, 343 F.3d 961, 972 (9th Cir.2003) (per curiam). When an alien is simply "turned around at the border" by immigration officials, however, his departure does not interrupt his continuous physical presence. *Tapia v. Gonzales*, 430 F.3d 997, 1002–04 (9th Cir.2005).

On the record before us, we cannot determine whether Roman–Salgado received administrative voluntary departure or departed under threat of deportation or removal. We therefore grant the petition and remand for further proceedings concerning the nature of Roman–Salgado's contacts with immigration officials in 1998. *See Ibarra–Flores v. Gonzales*, 439 F.3d 614, ——, ——, slip op. 2203, 2213 (9th Cir.2006).

**PETITION FOR REVIEW GRANTED; REMANDED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. This court dismissed the petition for review as to petitioner J. Santos Mondragon–Lopez on December 14, 2004.